# Illinois Central Railroad Company v. Frank E. Jennings.

1. PASSENGER—*when not guilty of contributory negligence.* A passenger whose contract with the company calls for his riding in a caboose, is not guilty of negligence, as a matter of law, in taking passage in the engine at the direction of the conductor in charge of the train.

Action on the case for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

W. W. BARR, R. J. STEPHENS and L. M. KAGY, for appellant; J. M. DICKINSON, of counsel.

C. E. JENNINGS, FRANK F. NOLEMAN and W. F. BUNDY, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case brought by plaintiff, appel-lee, against the defendant, appellant, to recover damages for personal injuries sustained by the plaintiff in falling from an engine while in motion. Plaintiff loaded a car with cat-tle at Centralia for shipment over defendant's railroad to Assumption, a station north of Centralia on the main line of the road. The train of twenty-nine cars was made up with this car of cattle next the engine, and left Centralia about 8 o'clock in the evening of November 20, 1900, the plaintiff riding in the caboose on a drover's pass to accom-pany and care for the stock while in transit as provided by the contract of shipment. On the way the train stopped for water near a tank two miles south of Pana. The en-gine was uncoupled and ran forward a short distance to the tank. When the train came to a stop, the plaintiff left the caboose and went forward to the head of the train, and when the engine came back coupled on and was about to move forward with the train, the conductor directed the plaintiff to get on the engine, which he did, following the conductor, who took a seat on the side occupied by the engineer. The plaintiff stood in the gangway in front of the fire box. After the train started the fireman requested plaintiff to move out of the way and take his, the fireman's, place in the cab. In attempting to do this and to reach the position to which he was directed, he fell out of the open window which was just above the fireman's seat, and was injured. The night was dark and the cab only dimly lighted, so that its interior construction and arrangement was more or less obscured. No one saw the plaintiff after he left the gangway to go into the cab, until he was found two hours later by the train men who came back in search of him. He was first missed by the fireman about a quar-ter of a mile north of the water tank, but it seems the crew then supposed that he had left the engine to take the caboose or some other car on the train, which was then moving slowly. At Pana, it was discovered that plaintiff was not on the train, and the engine was sent back for him.

He was found lying in a ditch by the side of the track about 150 feet north from where the engine started. The plaintiff testifies that when the train stopped at the tank he was in the caboose, and that the conductor told him that he could go down to the water tank, that is, to the head end of the train, and from there he could ride to Pana on the engine, and in that way be next to the cattle, where he could inspect them when they stopped at Pana. The conductor contradicts this statement of the plaintiff.

A demurrer was sustained to the original declaration and overruled to an amended declaration containing three counts, which was afterwards filed. The defendant pleaded not guilty. A trial by jury resulted in a verdict in favor of plaintiff for $5,000. A motion by defendant for a new trial was overruled and a judgment entered on the verdict, from which defendant appealed. At the close of all the evidence the defendant moved for a peremptory instruction to find defendant not guilty, which was refused. It is first contended by appellant that the declaration is so defective that it will not sustain a judgment "because," as stated, "upon its face in each and every count it discloses the plaintiff's failure to exercise ordinary care for his own safety." This objection was or should have been made on demurrer. The demurrer was overruled, and by pleading over appellant waived its right to assign error upon the ruling of the court. C. & A. R. R. Co. v. Clausen, 173 Ill. 102. The facts relied upon as a cause of action are fully and sufficiently set out in the declaration, and there is evidence in the record tending to prove the facts as alleged. Whether or not under the facts alleged and proved, the verdict and judgment may be sustained, is to be considered under the assignment, that the court erred in refusing a peremptory instruction offered by appellant at the close of all the evidence, to find the defendant not guilty. The trial court did not err in this respect. The instruction was properly refused. The plaintiff was a passenger on the train under the charge of defendant's servants. It was part of his duty and obligation under the contract of ship-

ment to look after his stock, and from time to time en route, as opportunity was given, to go forward to the car containing the cattle to see that they were on their feet and otherwise in condition not requiring special attention. As a passenger, charged with these duties, he was under the care and direction of the conductor whose controlling authority in all matters pertaining to the management of the train, he was bound to respect. When told to get on the engine, and of this there is no dispute, no alternative was left him, for the caboose was twenty-nine car-lengths back, and the train under charge of the conductor was about to start. Granting that he knew that to ride on the engine was dangerous, that it was not the place for a passenger, and that under the contract in evidence his place was in the caboose, it must likewise be held, that the conductor, even better than the plaintiff, knew all these things. The particular danger to which the plaintiff was exposed and from which he was injured, the deficient light and the interior construction of the cab, was known to the conductor and not to the plaintiff. In obeying the direction of the conductor the plaintiff had a right to assume that the danger was no greater than was open and apparent. At most, it was a question for the jury whether, under all the circumstances, the plaintiff was guilty of contributory negligence. The same proposition under analogous circumstances was considered in L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 162, and it was said by the court in that case, that it "cannot be held as a matter of law, that a prudent and ordinarily cautious man would not, under any circumstances, ride a short distance upon an engine. Experience has shown there is some danger in the safest mode of railway travel, and it cannot be said that one must not take a particular mode of carriage because it is dangerous. The question can only be determined by a consideration of all the circumstances." The statement quoted may fairly be applied to the facts in this case. It is contended that plaintiff, by express provision of his contract, was required to ride in the caboose and in going upon the engine, being

in violation of his contract, he may not recover. It is sufficient in answer to this contention that he was a passenger on the train, under the care and protection of the defendant, and as such was not barred of his right of action for injuries received while acting under the order and direction of the conductor, who was the authorized and empowered representative of the defendant in the execution of the contract. This is in harmony with plaintiff's third given instruction, which we regard as a correct statement of the law. We find no prejudicial error in the rulings of the trial court upon evidence and instructions. The issues of fact under the pleadings were fairly submitted to a jury, and under the evidence shown by the record, the verdict is conclusive. The judgment of the Circuit Court will be affirmed.

*Affirmed.*