## Illinois Central Railroad Company v. Frank E. Jennings.

AFFIRMANCE—*when ordered, as matter of course.* Where a case has been once affirmed by the Appellate Court and subsequently reversed by the Supreme Court for error of law only, the same judgment afterward rendered in a subsequent trial will be affirmed as a matter of course where the record presented is substantially the same as that previously filed, with the errors then existing purged from such record.

Action in case for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

W. W. BARR and F. M. YOUNGBLOOD, for appellant; J. M. DICKINSON, of counsel.

W. F. BUNDY and F. F. NOLEMAN, for defendant in error; C. E. JENNINGS, of counsel.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Marion county, by appellee against appellant, to recover for a personal injury sustained by appellee while in transit as a passenger "on a drover's pass," aboard of one of appellant's freight trains, accompanying a carload of cattle shipped by him over appellant's road. Trial by jury. Verdict and judgment in favor of appellee for $3,000.

The grounds brought forward and urged by counsel for appellant in support of their contention that the judgment of the Circuit Court should be reversed are: The declaration does not state a cause of action; the Circuit Court erred in refusing to give the peremptory instruction asked, directing a verdict in favor of appellant; the verdict is against the weight of the evidence; and the court erred in giving the first instruction asked on behalf of appellee.

This case was before us on appeal by appellant, at the August term, 1904; our opinion therein was filed at the February term, 1905, and is reported in 119 Ill. App., 317. The state of the pleadings is the same on this appeal as on the former, and counsel for appellant say the evidence is substantially the same here as it was on that appeal. As to the state of the evidence, counsel for appellee contend that in addition to all the evidence that was in the former record, the present one contains evidence not in the former that materially strengthens appellee's case. We think to some extent, at least, the record bears out the contention of counsel for appellee. This, however, is not of controlling importance, for in our opinion it is sufficient if it be substantially the same, as it is conceded to be.

On the former appeal this court held that the declaration did state a good cause of action; that the Circuit Court did not err in refusing to direct a verdict in favor of appellant, and that the verdict was not against the weight of the evidence. The case was appealed from this court to the Supreme Court, and the opinion of the Supreme Court is reported in 217 Ill., 140. As we understand the opinion,

the Supreme Court sustains the Appellate Court in all respects above noted, and upon the same state of pleadings and the same state of evidence, and we are all bound thereby.

The Supreme Court, however, did discover material error in two instructions given at the instance of appellee, which had escaped our attention, and for the error in those instructions, and for that alone, the Supreme Court reversed the judgment of the Appellate Court and of the Circuit Court, and remanded the cause to be submitted to another jury free from the condemned errors. Upon the second trial in the Circuit Court, the one from which the present appeal is prosecuted, one of the instructions condemned by the Supreme Court was wholly eliminated, and the other was, in our judgment, wholly cured by such amendment as to make it fully conform to all the requirements of the Supreme Court with respect thereto. The Supreme Court reversed the judgment and remanded the cause for errors of law, and the case having come back to us on the present appeal, purged of these errors, and no new ones having intervened, the judgment should be affirmed. The judgment of the Circuit Court is affirmed.

*Affirmed.*